JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 12-00189-VBF**                              Dated: **April 4, 2012**

Title:     In Re All American Hardwood Inc.

---

PRESENT:   HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

          Joseph Remigio                          None Present
          Courtroom Deputy                     Court Reporter

ATTORNEYS PRESENT FOR APPELLANT:   ATTORNEYS PRESENT FOR APPELLEES:

None Present                            None Present

**PROCEEDINGS (IN CHAMBERS):**    **COURT ORDER AFFIRMING ORDER OF UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION, CASE NO. 6:11-bk-14116-DS, DKT. NO. 130**

**I.   RULING**

    The Court has received, read, and considered Appellant Charming Sales Corporation's ("CSC") Opening Brief (dkt. #14), filed February 28, 2012; Appellee Cathay Bank's (the "Bank") Opposition (dkt. #23), filed March 13, 2012; Appellee All American Hardwood Inc.'s ("All American") Opposition (dkt. #20), filed March 13, 2012; CSC's Reply Brief (dkt. #26), filed March 27, 2012; and related papers.

    CSC appeals the Bankruptcy Court's order confirming the plan of reorganization (the "Plan") of debtor All American in bankruptcy case no. 6:11-bk-14116-DS.  Dkt. #2.

    Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that the parties' papers are thorough and oral argument is not necessary.  For the reasons that follow, the Court **AFFIRMS** the Bankruptcy Court's order confirming the Plan.

**cc:**    cacborders@cacb.uscourts.gov
       harold_marenus@ca9.uscourts.gov.

MINUTES FORM 90                          Initials of Deputy Clerk   ___jre___
CIVIL - GEN

## II.  PROCEDURAL HISTORY & BACKGROUND

All American filed for bankruptcy on February 8, 2011. *See* Appellant's Excerpt of Record ("Rec."), p. 118.  On March 24, 2011, CSC filed an adversary proceeding against All American and the Bank (the "Adversary Case").  *Id.* at 117.  On May 25, 2011, CSC filed a First Amended Complaint ("FAC") in the Adversary Case.  *Id.* at 129.  The FAC alleged a claim for relief against the Bank pursuant to FRBP 7001(9), and claims against All American for wrongful eviction, forcible and unlawful entry, trespass, conversion, and pursuant to FRBP 7001(1).  *Id.* at 131-136.

On June 8, 2011, the Bank filed a motion to dismiss the FAC.  *Id.* at 152.  All American joined in the Bank's motion.  *Id.*  The Bankruptcy Court granted the motion on July 6, 2011.  *Id.*  CSC appealed to this Court, and on February 24, 2012, the Court reversed the Bankruptcy Court's order and remanded for further proceedings.  *See* Order, no. 5:11-1129, dkt. #44.[1]

All American filed the proposed Plan on December 2, 2011, while CSC's appeal of the dismissal of the adversary proceeding was still pending.  Rec., p. 262.  On December 13, 2011, CSC filed an objection to the confirmation of the Plan.  *Id.* at 279.  After hearing argument, the Bankruptcy Court approved the Plan on December 29, 2011, *id.* at 376, and the instant appeal followed.  In short, CSC argues that the Plan should not have been confirmed, as it was neither feasible nor filed in good faith.  *See* Statement of Issues, Br., pp. 3-4.

## III. LEGAL STANDARD

A district court stands in the same position as the Ninth Circuit in reviewing a decision of a bankruptcy court. *Levander v. Prober* (*In re Levander*), 180 F.3d 1114, 1118 (9th Cir. 1999). Accordingly, this Court reviews the Bankruptcy Court's findings of fact under the clearly erroneous standard and its conclusions of law de novo. *Pizza of Haw., Inc. v. Shakey's, Inc.* (*In re Pizza of Haw., Inc.*), 761 F.2d 1374, 1377 (9th Cir. 1985) (citation omitted).

Whether a plan of reorganization is feasible is a question of fact; therefore, the clearly erroneous standard applies.  *Id.* (citation omitted); *see also Wells Fargo Bank, N.A. v. Loop 76, LLC* (*In re Loop 76, LLC*), --- B.R. ---, No. 11-1094, 2012 WL 603812, at *7 (B.A.P. 9th Cir. Feb. 23, 2012) (citations omitted).  Similarly, if a bankruptcy court finds that a plan was proposed in good faith, such finding will not be overturned unless the opponent of the plan can show that such finding was

---

[1]  The Court has previously determined that judicial notice of this order is proper.  Dkt. #25.

MINUTES FORM 90                         Initials of Deputy Clerk ___jre___
CIVIL - GEN

-2-

clearly erroneous.  *Stolrow v. Stolrow's, Inc.* (*In re Stolrow's, Inc.*), 84 B.R. 167 ,172 (B.A.P. 9th Cir. 1988) (citations omitted).

Factual determinations are clearly erroneous if they are illogical, implausible, or without support in the record.  *Loop 76*, 2012 WL 603812, at *7 (citation omitted).  CSC has the burden to establish that such clear error occurred.  *Stolrow's*, 84 B.R. at 173.

**IV.   ANALYSIS AND RULING**

   **A.   Feasibility**

CSC first argues that the Plan should not have been confirmed as it was not feasible, because it failed to address the effect of CSC's adversary proceeding.  CSC argues that All American (and, by extension, the Bankruptcy Court) "completely failed to account for the possibility that CSC would prevail in its claims which would thereby [] substantially reduce All American's bankruptcy estate."  Br., p. 8.

To be confirmed, a plan of reorganization must be feasible.  11 U.S.C. section 1129(a)(11) provides, in relevant part, that a plan is not feasible if it is "likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor."  In the Ninth Circuit, a debtor must demonstrate that the plan "has a reasonable probability of success."  *Acequia, Inc. v. Clinton* (*In re Acequia, Inc.*), 787 F.2d 1352, 1364 (9th Cir. 1986).  The debtor need not prove that success is inevitable or assured, and a relatively low threshold of proof will satisfy section 1129(a)(11) so long as adequate evidence supports a finding of feasibility.  *Computer Task Group, Inc. v. Brotby* (*In re Brotby*), 303 B.R. 177, 191 (B.A.P. 9th Cir. 2003).

The Ninth Circuit has held that "a bankruptcy court must evaluate the possible impact of the debtor's ongoing civil litigation on the feasibility of the proposed plan."  *Sherman v. Harbin* (*In re Harbin*), 486 F.3d 510, 519 (9th Cir. 2007).  The bankruptcy court must exercise its sound discretion in considering how such litigation may affect the feasibility of any specific plan.  *Id.* at 520.  Thus, the Bankruptcy Court was obligated under section 1129(a)(11) to consider the likelihood of CSC's success on appeal and the impact of such potential success on the feasibility of All American's Plan.  *Id.* at 520, n. 7.

On December 13, 2011, CSC filed an objection to the Plan in which it argued, among other things, that the Plan would be rendered unfeasible if CSC were to prevail in its pending appeal. Rec., p. 281.  Counsel for CSC further argued this point at the Plan confirmation hearing.  *See, e.g., id.* at 349.  The Bankruptcy Court acknowledged CSC's argument.  *Id.* at 349-50.

MINUTES FORM 90                           Initials of Deputy Clerk ___jre___
CIVIL - GEN

Nevertheless, the Bankruptcy Court determined that the Plan was feasible.  *Id.* at 374.  The Court concludes that CSC has failed to meet its burden to demonstrate that the Bankruptcy Court's factual determination that the Plan was feaasible was clearly erroneous.  Unlike *Harbin*, the Bankruptcy Court did not fail to consider the consequences of CSC's potential success on appeal.  *In re Harbin*, 486 F.3d at 519.  Instead, it considered such consequences and nonetheless determined that the Plan was likely to be final and not followed by liquidation or the need for further financial reorganization.  *Id.* at 519, n.7; *see also* Rec., p. 350 (citing applicable legal standard).  The Court need not reach the Bank's and All American's additional arguments in favor of feasibility.

**B.   Good Faith**

CSC next argues that the Bankruptcy Court erred in determining the Plan was proposed in good faith, because All American "failed to take the steps necessary to seek claims against a fiduciary who breached her duties to All American," as such claims, "if asserted and successful, would benefit the bankruptcy estate," apparently by providing additional funds with which to pay its unsecured creditors.  Br., pp. 9-10.

11 U.S.C. section 1129(a) provides in relevant part: "The court shall confirm a plan only if all of the following requirements are met: . . . (3) The plan has been proposed in good faith . . . ."  Although "good faith" is not defined in section 1129(a), a "plan is proposed in good faith where it achieves a result consistent with the objectives and purposes" of the Bankruptcy Code.  *Platinum Cap., Inc. v. Sylmar Plaza, L.P.* (*In re Sylmar Plaza, L.P.*), 314 F.3d 1070, 1074 (9th Cir. 2002) (citations omitted).  "The requisite good faith determination is based on the totality of the circumstances."  *Id.* (citation omitted).

As the Bank notes, the Bankruptcy Court heard extensive oral argument on the issue of good faith, and considered objections by both CSC and the United States Trustee.  Bank Opp. Br., p. 15.  At the conclusion of the hearing, the Court overruled the objections and determined that the Plan had been proposed in good faith, in accordance with section 1129(a).  Rec., p. 374.  The Bankruptcy Court is in the best position to assess the good faith of the parties, and here, CSC has not met its burden to show that the Bankruptcy Court's finding of good faith was clearly erroneous.  *In re Stolrow's*, 84 B.R. at 172 (citations omitted).  Indeed, as the Bankruptcy Court determined, even if the factual allegations of prior false statements by one of All American's officers to the Bank were true, CSC has not provided any applicable authority demonstrating that such facts compel a finding of bad faith by All American in subsequently proposing the Plan.  Rec., p. 364.  In short, under the totality of the circumstances, CSC has not sufficiently shown that the Plan fails to achieve a result consistent with the objectives and purposes of the Bankruptcy Code.

**V.     CONCLUSION**

     For all the foregoing reasons, the Court **AFFIRMS** the Bankruptcy Court's order confirming the Plan.